**Vicky BENZIE, Plaintiff–Appellee,**

v.

**WESTERN MICHIGAN UNIVERSITY Defendant–Appellant.**

**No. 98–1727.**

United States Court of Appeals, Sixth Circuit.

Sept. 21, 2001.

Before NORRIS and BATCHELDER Circuit Judges; GWIN *, District Judge.

BATCHELDER, Circuit Judge.

Western Michigan University (the "University") appeals the district court's order denying its motion to dismiss plaintiff's claims under the Americans With Disabilities Act (the "ADA") for lack of subject matter jurisdiction. We REVERSE the district court's order and REMAND for further proceedings in light of the Supreme Court's decision in *Board of Trustees of the Univ. of Alabama v. Garrett,* 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001).

Plaintiff–Appellant Vicky Benzie ("Benzie") worked for the University until April of 1996, when the University fired her for missing work. Benzie claims that she missed work because of unending pain and discomfort from an injury she sustained when she fell at work in March of 1991. Benzie says her injury left her disabled within the meaning of the ADA and that the University failed to accommodate her disability. Benzie further says that the University violated the ADA when it fired her. She complained to the EEOC, which issued a right to sue letter. Receiving her right to sue letter, Benzie filed a pro se complaint in federal district court.

In her pro se complaint, Benzie asked for unspecified injunctive relief, money

---

* The Honorable James S. Gwin, United States District Court for the Northern District of Ohio, sitting by designation.

damages, costs, and attorney's fees. The University responded with a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the Eleventh Amendment immunized it from suits seeking money damages under the ADA. The district court denied the University's motion. The University then filed a timely notice of appeal in June of 1998. The appeal was stayed pending the outcome of similar cases against the University. This court decided one of those cases in February of 2001. *See Pomeroy v. Western Mich. Univ.*, 2001 WL 223868 (6th Cir. Feb.28, 2001) (reversing denial of University's Rule 12(b)(1) motion because Eleventh Amendment bars such suits).

After the district court concluded that the Eleventh Amendment did not bar Benzie's ADA claims, the Supreme Court decided *Garrett* . There, the Supreme Court held that the Eleventh Amendment bars suits against states for money damages under the ADA. *See Garrett*, 121 S.Ct. at 960 ("We hold that such suits are barred by the Eleventh Amendment."). Benzie's circumstances are indistinguishable from Garrett's, and we therefore hold that *Garrett* controls this case.

We therefore REVERSE the district court's order and REMAND this case for further proceedings in light of *Garrett.*